■ In the Matter of the Claim of FRANCES BAUMRITTER, Respondent, v. 11 UNION PHARMACY, AMALGAMATED HEALTH AND DRUG PLAN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The employer-carrier appeal from a death benefit award in a heart claim. The decedent in 1960 was 38 years old. He had been financially successful in a prior venture and was one of the incorporators of the employer corporations formed to operate a drug store at 11 East 17th Street, New York City. During 1960 and 1961 it was necessary to use a substantial portion of the proceeds of his former employment in an unsuccessful attempt to stem the tide of business difficulties due to a series of shortages, alleged misrepresentations, apparent mismanagement and a charge stemming from violation of the Federal Trade Law, as detailed in the record. As a result of these misfortunes, decedent became president and general manager of the employer and, *inter alia*, found it necessary to purchase the stock of all but one of the stockholders. A number of witnesses, associated with the decedent as former partners, lawyers and accountants, described his changing attitude during this period from that of one in good health, alert, a good sense of humor, without tension, anxiety or trouble *to* a person losing weight, worried, under constant mental strain and anxiety, unable to sleep and spending most of his time at the store trying to protect his investment. He did menial physical work, including lifting and unpacking large cartons. On August 4, 1961, while at the place of employment, he suffered an acute myocardial infarction and died the same day at the age of 40 years. The doctor who attended the decedent on the day of his death testified that the decedent had informed him that he was unable to sleep for a two-week period and further stated that in his opinion as a doctor the tension associated with his business was a relative factor in causing the infarction, but qualified this testimony by stating that he did not consider himself an expert in this particular field of medicine. Another doctor, who had never attended the decedent, testified for claimant and stated in answer to a hypothetical question that there was a connection between the facts related therein and the myocardial infarction suffered by the decedent and which caused his death. Included in the question was a reference to moving cartons which may have been the reason for the board's reference to "decedent's work activities" but, in any event, there was substantial evidence in the record to support the board's finding of "unusual emotional strain" and that the decedent's death was causally related thereto. (See *Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Davis* v. *Drug & Hosp. Employees Union,* 24 A D 2d 1059.) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.